12 CV 05144

RECEIVED
JUN 27 2012
PRO SE OFFICE

United States District Court
Southern District of New York

Shateek Amin Bilal,
                    Plaintiff,

            v.

Brian Fischer; Kenneth S. Perlman;
Lucien LeClaire, Maureen L. Boll;
Joseph F. Bellnier. L. Lindquist;
Karen Bellamy; Jeff McKoy;
Office of Mental Health; Maureen
Bosco; Phillip D. Heath; N. Ingenito;
William Lee; Lyle Carrington;
F.N.U. Pinker; T. Winbush; F.N.U.
Lawrence; Equifax information
Services, LLC; C. Kelly Jr.; B. Mcardle;
B. Hilton; L. Kalies, F.N.U. Burns;
F.N.U. Synder; F.N.U. Coughlin;
Anthony J. Annuci; Carl J Koenigsman;
K. Schmitt; F.N.U. Crane; A. Smith;
F.N.U. Campbell; J. Rowlands; S. Fowler;
F.N.U. Porter; F.N.U. Ashe; F.N.U. Debrosa;
F.N.U. Lewis; F.N.U. McMann; F.N.U. Whitaker;
F.N.U. Melville; F.N.U. Harper; L. McSwain;
F.N.U. Sypolt; F.N.U. Wilcox; J. Blackwell;
F.N.U. Malnalito; F.N.U. Doughty (phonetics);
F.N.U. Knackley (phonetics); Debbie Kinderman;
John Doe #1; John Doe #2; John Doe #3;
John Doe #4; John Doe #5; Jane Doe #1;
Jane Doe #2; Jane Doe #3; Jane Doe #4;
F.N.U. Genovese; F. Bernstein; R. Bentivegna;
F.N.U. Douglas; Oneida County District
Attorneys office; John Doe #6; John Doe #7;
County of Oneida, D.J. Smith, F.N.U. Cachotti Defendants.

Complaint
42 USC §1983
A.D.A. Title II
Section 504
of the
Rehabilitation
act.

R.L.U.I.P.A.
5 U.S.C. §500 etseq
15 U.S.C. §1601

Jury Trial
Demanded

-1-

## I. COMPLAINT

1. Plaintiff, Shateek Amin Bilal, Pro-se, for his complaint states as follows:

### II. Parties, Jurisdiction and Venue

2. Plaintiff Shateek Amin Bilal is currently confined in Marcy Correctional facility, Residential Mental Health unit, Located at Box 3600, MARCY, N.Y. 13403

3. Plaintiff Shateek Amin Bilal was and at all times mentioned Herein, An Adult citizen of the United States and a Resident of the State of New York.

4. Defendant Brian fischer, commissioner of the Department of Corrections and Community Supervision, was at all relevant times herein the custodian of the Plaintiff, with the Responsibility for operating and maintaining, detention, penal and correctional Institutions within the State of New York, Including but not Limited to Sing-Sing Correctional facility, Green-Haven Correctional facility, Auburn Correctional facility, and Marcy Correctional facility.

5. Defendant Kenneth S. Perlman, was at all times Relevant the Deputy commissioner of Program services employed by D.O.C.C.S.

6. Defendant Lucien Le claire, was At all times Relevant the was the Asst. Commissioner employed by D.O.C.C.S.

-2-

7. Defendant Maureen E. Boll was at all times relevant Deputy Commissioner and counsel employed by D.O.C.C.S.

8. Defendant Joseph F. Bellnier was at all times relevant the Deputy Commissioner for Correctional facilities employed by D.O.C.C.S.

9. Defendant L. Lindquist was at all times relevant the Asst. Commissioner employed by D.O.C.C.S.

10. Defendant Karen Bellamy was at all times relevant the Director of the Inmate grievance Program employed by the D.O.C.C.S.

11. Defendant Jeff McKoy was at all times relevant the Deputy Comm. for Program Services employed by the D.O.C.C.S.

12. Defendant Office of the Mental Health is an agency.

13. Defendant Maureen Bosco Is the executive Director of the central New York Psychiatric center. Employed by the office of Mental Health State of New York.

14. Defendant Phillip D Heath was at all times relevant the "Superintendant" of Sing-Sing Correctional facility managing its Day to Day operations and executing its Policies.

-3-

15. Defendant N. Ingenito is a Correctional Captain who at all times relevant was employed by the D.O.C.C.S at Sing-Sing.

16. Defendant William Lee was at all relevant times the Deputy Supt for Security at Sing-Sing employed by D.O.C.C.S.

17. Defendant Lyle Carrington was at all times relevant a Correctional Officer employed at Sing-Sing Correctional facility by the D.O.C.C.S.

18. Defendant F.N.U. Pinker was at all times relevant a Correctional Lieutenant at Sing-Sing employed by the D.O.C.C.S.

19. Defendant T. Winbush was at all times relevant a Correctional officer at Sing-Sing employed by the D.O.C.C.S.

20. Defendant F.N.U. Lawrence was at all times relevant a correctional sargeant at Sing-Sing correctional facility by the D.O.C.C.S.

21. Defendant Equifax information services, LLC is a credit reporting agency whose address upon information and belief is P.O. box 105069, Atlanta GA, 30348

-4-

22. Defendant C. Kelly JR was at all times relevant the "Superintendent" of Marcy correctional facility. As superintendent of the prison, Defendant manages its day to day operations and executes its policies.

23. Defendant B. McArdle was at all times relevant the "Dep. supt. for Security" at Marcy correctional facility. He is employed by the DOCCS.

24. Defendant B. Hilton was at all times relevant the "Dep. supt. for Mental Health" at Marcy R.M.H.U. He is employed by D.O.C.C.S. or O.M.H.

25. Defendant Lisa Kalies was at all times relevant the unit Manager at Marcy R.M.H.U. She is employed by OMH upon information & belief.

26. Defendant F.N.U. Burns was at all times relevant the Capt. at Marcy R.M.H.U. employed by the D.O.C.C.S.

27. Defendant F.N.U. Synder was at all times relevant a correctional Lieutenant at Marcy R.M.H.U employed by the D.O.C.C.S.

28. Defendant F.N.U. Coughlin was at all times Relevant was a Correctional Lieutenant at Malcy Correctional facility. He is employed by DOCCS.

29. Defendant Anthony J. Annucci was at all times Relevant employed by the D.O.C.C.S in the Capacity as an Assistant Commissioner.

30. Defendant Call J. Korniesman was at all times Revelant employed by the D.O.C.C.S in the Capacity of Assistant commissioner & medical services.

31. Defendant K. Schmitt was at all times Relevant a corr. Lt. employed by D.O.C.C.S at Green-Haven correctional facility.

32. Defendant F.N.U. Crane was at all times Relevant a corr. Set. employed by DOCCS at Malcy corr. facility.

33. Defendant A. Smith was at all times Relevant a corr. Set. employed by DOCCS at Malcy corr. facility

34. Defendant F.N.U. Poltel was at all times Relevant the Inmate Grievance Supervisor at Malcy correctional facility and employed by DOCCS.

35. Defendant F.N.U. Campbell is a corr. sgt. employed at Marcy by the DOCCS.

36. Defendant J. Rowlands is a corr. counselor at Marcy employed by the DOCCS.

37. Defendant D. Fowler was at all times relevant a corr. counselor employed at Marcy by the DOCCS.

38. Defendant fnu. Ache was at all times relevant the grievance supervisor at Marcy employed by the D.O.C.C.S.

39. Defendant F.N.U. Harper was at all times relevant a corr. capt. at Marcy employed by the D.O.C.C.S.

40. Defendant F.N.U. Delarosa is employed by the DOCCS at Marcy as a corr. counselor.

41. Defendant F.N.U Lewis is employed at Marcy R.M.H.U.

42. Defendant F.N.U. McMann is employed at Marcy RMHU

-7-

43. Defendant F.N.U. Whittaker is employed at Marcy R.M.H.U.

44. Defendant F.N.U. Melville is and was at all relevant times employed by the DOCCS as a corr. capt. at Greenhaven corr. facility.

45. Defendant L. McSwain was at all times relevant employed at Marcy as a nurse.

46. Defendant FNU. Sypolt was at all times relevant at issue employed as a nurse at Marcy.

47. Defendant F.N.U. Wilcox was at all times relevant employed at Marcy as a nurse.

48. Defendant F.N.U. Blackwell was at all times relevant employed at Marcy as a nurse.

49. Defendant F.N.U. Marmalito (phonetics) was at all times relevant employed at Marcy corr. as a nurse.

50. Defendant F.N.U. Doughty (phonetics) was at all times relevant employed at Marcy correctional facility.

51. Defendant D.J. Smith is a C.O. at Marcy

52. Defendant FNU Cachotti is a C.O. at Marcy.

-8-

51. Defendant F.N.U. Knackley (phonetics) was at all times Relevant employed at Marcy.

52. Defendant Debbie Kinderman was at all times Relevant was employed at Marcy R.M.H.U.

53. Defendant Genovese was at all Relevant times employed as the facility Health Services Director at Sing-Sing correctional facility.

54. Defendant F. Bernstein was at all times Relevant employed as the facility Health Services Director at Greenhaven correctional facility.

55. Defendant R Bentivegna was at all times Relevant employed as a doctor at Greenhaven correctional facility.

56. Defendant F.N.U. Douglas was at all times Relevant employed as a doctor at Sing-Sing correctional facility.

57. Defendant Oneida County District Attorneys office is an agency and or municipality.

51. Defendant D.J. Smith is a C.O. at Marcy

58. John Doe # 1 is a Defendant who upon information and belief is the clerk of courts for Oneida

-9-

59. Upon information and belief Defendant John Doe #2 is the New York State Inspector General.

60. Upon Information and belief Defendant John Doe #3 is the Commissioner of the office of Mental Health.

61. Upon information and belief Defendant John Doe #4 is the New York State Inspector General.

62. Upon information and belief Defendant John Doe #5 is the Nurse Administrator at Marcy R.M.H.U.

63. Upon information and belief Defendant John Doe #6 is the facility Health Services Director at Marcy R.M.H.U.

64. John Doe #7 is a Defendant who is a Doctor at Marcy R.M.H.U.

65. John Doe Defendants #8 through #13 are all members of Marcy R.MHU's staff who served on the treatment team for the Dates of June 11, 2012 through June 15, 2012.

66. Jane Doe #1 is the Mailroom/correspondence supervisor at Marcy

66 A. Defendant John Doe #14 is the C.O. who said that I was going to throw something on him.

67. Jane Doe #2 is a correspondence supervisor for Sing-Sing Correctional facility.

68. Jane Doe #3 is the Inmate Records Coordinator at Marcy Correctional facility.

69. Jane Doe #4 is a Doctor at Greenhaven Correctional facility.

70. Jane Doe(s) #5 through #10 are Doctors at Greenhaven Correctional facility.

71. Jane Doe #6 is responsible for approving and or dissapproving requests for consultation treatment surgeries etc.

71.A. - Jane Doe(s) #7 through 17 were C.O.R.C members on 6/18 & 6/25

72. This action arises under and is brought pursuant to 5 U.S.C § 500 et seq (The Administrative Procedures Act [APA]); fair credit Reporting act (FCRA) 15 U.S.C § 1601 et seq.; Religious Land use and Institutionalized Persons Act (RLUIPA), The Americans with Disabilities Act (ADA) 42 U.S.C § 1201 et seq and section 504 of the Rehabilitation act, to remedy the deprivation of Rights, under color of state Law guaranteed by the first, eighth and fourteenth Amendments to the United states Constitution And violations of the above mention Federal Laws/statutes. This court has Jurisdiction over this action pursuant to 28 U.S.C section 1331.1343(3) and (4) and 2201.      -11-

73. All Defendants enumerated in Paragraphs 4 through 71 are being sued in Both their Individual and official capacities.

74. This cause of Action Arose in the Northern District of New York and the Southern District therefore venue is Proper under 28 u.s.c section 1391(H).

### III. Exhaustion of Administrative Remedies

75. The Plaintiff has upon information and belief exhausted all administrative Remedies available to him.

### IV. Statement of claim

76. Plaintiff Reallese and incorporate by Reference Paragraphs 1 through 75 Herein.

77. AT ALL Relevant times Herein, the defendants were "Persons" for Purposes of 42 u.s.c. section 1983 and acted under color of state Law to deprive Plaintiff of his constitutional Rights, as set forth Below and Also violated other federal statutes.

### V. First cause of Action

78. Plaintiff, Shateek Amin Bilal, Is currently a Prisoner in the custody of The Department of Corrections and community services.

-12-

79. While imprisoned at Sing-Sing correctional facility (Hereinafter Sing-Sing) I requested a copy of my credit report from the Three(3) major credit bureaus.

80. Upon information and belief on July 31, 2009 Defendant Equifax information services, LLC sent a copy of my credit report out.

81. Instead of addressing said credit report to me my credit file was sent to the Warden of Sing-Sing.

82. Upon information and belief said credit file was delivered to me during mail call taken out of it's original envelope and placed in a small manilla envelope.

83. Defendant Equifax violated applicable law.

## VI. Second cause of action

84. While a prisoner at Sing-Sing the plaintiff was written a Misbehavior Report by C.O. Lyle Carrington on May 14, 2010.

85. The Misbehavior Report that Defendant Carrington wrote was Reviewed on May 15/2010 by Lt. W. Chilson and Tiered a Tier 2 out of the 3 tier system.

-13-

86. Plaintiff Bilals Hearing on the Mis-behavior Report began on May 18, 2010 by Defendant F.N.U. Pinker.

87. Plaintiff Bilal Plead Not guilty to all of the charges.

88. During the Hearing on the charges the Petitioner bibl was not confronted with any evidence being used against him other than the M.B.R written by Defendant Carrington.

89. The Plaintiff was NOT allowed to Present evidence in his defense of the charges. To wit: Not allowed to submit evidence that the Author of the M.B.R was a defendant in a civil action to show why the officer would fabricate the M.B.R. three (3) days before the deadline for me to Respond to the summary Judgement motion in his case: 09-CIV. 8433 (JSR)(AJP)

90. Defendant Pinker didn't allow me to call inmate witness without desclation.

91. Defendant Pinker inexplicably ignored staff testimony that substantiated my claim that I was not guilty of the charges. I suffered NOT only Physical but Mental/emotional injuries due to the Defendants Actions that were taken without Reasonable basis.

92. Defendant Pinker inexplicably refused to allow Plaintiff to submit relevant documentary evidence on his behalf

93. On or about May 20, 2010 defendant Pinker found Bilal guilty of all charges and imposed 30 days loss of packages, phones, commissionary and 30 days keeplock.

94. Bilal then submitted a detailed appeal to defendant Captain N. Ingenito on May 20, 2012 which consisted of four (4) pages.

95. On or about June 2, 2012 Defendant Ingenito affirmed the decision of Defendant Pinker.

96. Bilals confinement was based on false reports made by prison officials and any semblance of due process was denied and contaminated by the introduction of false and inculpatory evidence.

97. Defendant Carrington authored the false misbehavior report in retaliation for Bilals filing of grievances and § 1983 lawsuit against him.

98. Defendants Carrington, Winbush, F.N.U. Lawrence and Pinker subjected Plaintiff to punitive segregation for no reason other than to make Plaintiff miss court deadline and retaliation.

99. Defendant Pinker failed to give the Plaintiff the rudimentary protections of Due Process.

100. Defendants Albert Prack and Donald Selsky is and/or were at all times relevant directors of the DOCCS disciplinary.

101. Defendants Prack and Selsky and Fischer failed to train the disciplinary Hearing officer who violated Bilals rights at disciplinary Hearing.

102. Defendant Heath and Lee were at all times relevant therein the superintendent and Deputy superintendent for security who not only failed to ensure that Defendant who'd violated Bilals rights at disciplinary Hearing had been properly trained but after learning of a violation of Bilals rights failed to remedy the wrong.

103. Defendants Callington, Lawrence, Insenito Winbush and Pinker all acted in Bad faith.

104. Defendants unjust Punitive segregation stressed Plaintiff and exacerbated his Mental condition that he took an overdose of Prescription Pain medication and had to be Rushed to an outside Hospital.

105. Defendants Pinker and Insenito's Reliance on an investigation Report which did not support their finding of guilty or their imposition of sanctions violated Plaintiffs 8th & 14th Amendmandment Rights.

106. Defendants Winbush, Callington, Lawrence, Pinker and Insenito Violated Plaintiffs 1st, 8th & 14th amendment to the u.s. const.

107. As a Result of Defendants Denial of access of the courts I was not able to look up How to serve a defendant who's out on maternity leave, Shepardize cases or find Law to Refute a summary Judgement Motion which was subsequently granted In defendants favor.

108. On or about April 18, 2010 the Plaintiff filed an Article 78 Proceeding Index # 6741-10 in Albany County Court.

109. On or about December 1, 2010 the Plaintiff served the Petition on the Respondents Fischer, Heath, and Lee.

110. On or about March 14, 2011 A. Moore Assistant Attorney General informed the Honorable Court that the disciplinary determination at issue was administratively reversed and all records pertaining to said had been expunged.

111. Respondent never submitted an answer to Petitioners Petition.

112. A copy of a letter sent to Hon. Diane Cook was sent to me saying the Hearing had been reversed and asked that my Art. 78 Petition be dismissed as moot.

## VII. Third cause of Action

113. On or about May 9, 2012 I received a Marcy correctional facility memorandum informing me that I had received contraband in the mail. To witi credit report.

-18-

114. On or About May 9, 2012 The Plaintiff wrote Defendants Hilton and Kelly Jr. As well as the Mailroom Supervisor.

115. Defendant Kelly Jr. Never Responded to my requested Questions.

116. Defendant Hilton addressed and/or acknowledged it verbally.

117. The mail-room supervisor returned my correspondence with an indication in Red ink CORC Decision #CX-14270-08 FPf-19158-08.

118. On or About May 10, 2012 Plaintiff Bilal sought to relieve the policy of not being allowed credit reports.

119. On or about May 18, 2012 I received a correspondence from the I.G.R.C. informing me that "the committee has agreed to dismiss and close" my grievance because "this issue had already been addressed by CORC."

120. Attached to the correspondences were CORC Decisions Signed by Defendant D. Lindquist, Asst. FPf-19158-08 & CX 14270-08 Dated 6/18/08 and 6/25/08 Respectively.

-19-

121. The said Decision said in Pertintenent
Part "Upon full healing of the facts and
circumstances in the instant case, the
action Requested hereby denied. CORC
upholds the Determination of the
Superintendent for the Reasons stated."

122. The correspondence that I received
from Marcy I.G.R.C. was signed by
Edgar Galarza I.G.R.C. Representative.

123. On or about May 22, 2012 I wrote
the I.G.P. Supervisor informing him that
I felt the closing of the Grievance
was erroneas and I'd like it Re-opened.

124. My correspondence was never answered
so I filed another Grievance which
I was sent a Letter of Denial signed
by Mr. Galarza.

125. On or about 6-12-12 I filed a
Grievance in Regards to the Decision
to close my Grievance.

126. On or about 6-14-12 I received
another Letter of Denial.

127. During weekly Rounds in Marcy (R.M.H.U)
I spoke to the I.G.P. Supervisor Defendants
Porter and Ashe about the Grievance
system that were impinging on my
Right to Grieve Policy, Procedure and

128. to comply with the exhaustion of administrative remedies of P.L.R.A.

129. Neither Defendant took collective action.

130. Defendant Polter told Plaintiff Bilal while he locked in A-1-15 cell that he don't know about "Handling Grievances" He's a Recreation supervisor.

131. Plaintiff Bilal Had wrote Defendant Fischer in an attempt to rectify the situation in so far as it Pertains to the "Credit Report."

132. On or About June 13, 2012 Plaintiff received a correspondence from Defendant McKoy Responding at the behest of Defendant Fischer.

133. He refered to Defendant Pellmans January 3, 2008 memorandum but insisted that if it (The Credit Report) arrives at the facility Per Dir. 4422-111 64b it would have to be sent home or destroyed.

134. Defendants Fischer and McKoy knew of the violation of Petitioners Rights but failed to take any corrective action.

135. Defendants Fischer, Perlman, Lindquist, Bellnier, Boll, Bellamy Annuci and Jane Doe(s) #7 through 17 Developed the unconstitutional Policy and/or allowed an unconstitutional Policy to continue.

136. By correspondence and through verbal communication I informed Defendants Kelly Jr about the Grievance committees Policy and/or custon of Denying Grievances and closing Grievances via Letter which Precludes you from Appealing thus intterfering with the Exhaustion Requirements of the P.L.R.A. He's failed to take any collective action.

137. The Defendants Rule in so far as it Pertains to obtaining credit Reports is in error.

138. The Defendants Decision to Censor credit Reports is un-constitutional and a violation of other applicable federal statutes.

139. The actions and/or Inactions of the Defendants individually and collectively violated Plaintiffs 1st Amendment Right to the U.S. Constitution.

-22-

## VIII. Fourth cause of action

140. On or about April 11. 2011 I received a Marcy memorandum from the correspondence office about contraband received in the mail. To wit: catalog from Eden Press. I was told that they was a disapproved vendor.

141. On or about May 22 2012 I received another memorandum from Marcy informing me that I received contraband in the mail To wit: A Letter/mail from Con Pals. 465 NE 181#328. Portland, OR 97230 an internet service.

142. I wrote the Marcy mailroom supervisor who sent my correspondence back with a note written in red ink " innates are Not allowed to be online.

143. I wrote again and was sent a note again in Red ink about Directive 4422 III B 21 & III 6, 4 A - Internet services not allowed.

144. I wrote a Grievance challenging the policies legality but was sent a Letter indicating the denial of my grievance which stated in pertinent part " Per. Dep. comm. Lucien LeClaire (memo dated Jan. 3L 2011- To all superintendents); These Pen-Pal services have been" deemed to be contraband…" The rule violates my 1st amendment Right to speech & extension

145. This memo that Plaintiff Received informing him of the Denial of his Grievance was Authored by Edgar Galarza IGRC Representative.

146. The IGRC's committee actions weren't in accordance with Directive 4040 and inexplicably impinges on my Right to Access, Ability to file Grievances and exhaust them as Required by the PLRA.

147. Defendants Bellamy and Kelly JR. not only failed to Remedy violations but failed to train IGRC Edgar Galarza and Defendants Foster and Ashe on Proper Procedures In so far as it Pertained to the Resolution of Grievances.

148. Defendants Foster and Ashe "created the Policy and/or custom under which my Rights were violated" while Defendant Kelly JR. "allowed said Policy and/or custom to continue unabated."

149. The Policy and/or custom to which I'm Referring is Listed in Paragraphs 119 — 130; 136; 144 — 148.

150. The Defendants individually and collectively violated Plaintiffs Rights as Guaranteed by the 1st & 14 amendment.

-24-

## VIII. Cause of Action #5

151. On or about March 19, 2012 I wrote to Defendant Jane Doe #3 to obtain copies of my U.S. savings bonds.

152. Defendant Jane Doe #3 sent my correspondence back with a note dated 3/20/12.

153. Jane Doe #3 stated in pertinent part "... You were given copies of them when they were purchased."

154. Plaintiff wrote Jane Doe #3 again who wrote back a note on the correspondence which was stamped Received Mar. 26 2012, Inmate Records Marcy in pertinent part "I don't believe you should have copies of these in population... You will not be getting copies of these Bonds."

155. Jane Doe #3 without authority or good cause ultimately created a Rule censoring the "U.S. savings Bonds."

156. Plaintiff submitted a grievance for filing MCY# 16282-12 the censorship of my U.S. savings bonds by Defendant Jane Doe #3.

157. Jane Doe #3 Inexplicably "Censored." U.S. savings and made them "Contraband."

158. Defendant Kelly JR. Learned of this violation through Defendants Hilton, Porter and through the Prison Disciplinary System and appeal of that decision.

159. However Defendant Kelly JR. failed to Remedy the wrong.

160. Defendants Jane Doe #3 & Kelly JR. Individually and collectively violated Plaintiffs 1st amendment Right and the equal Protection clause of the 14th amendment.

## IX. 6th Cause of Action

161. On or about June 8th 2012 A Cell shield order was Authorized by Defendant "as a Result of var threatening to throw on(sic) staff."

162. I filed two grievances on the matter.

163. Plaintiff Proceeded to speak with Defendants Kalies, Burns, Synder, Crane, Smith, Campbell, Hilton, Fowler, McMann, Lewis and Delarosa in an attempted to have it Removed.

164. Plaintiff Remained on Cell shield until June

18, 2012,

165. Plaintiff Never Received a Copy of the Cell (orders) Restriction, a Misbehavior Report or a Negative Informational.

166. Defendant Burns said that I did Receive copies of the Cell shield orders but Refused to say who allegedly gave them to me.

167. Upon information and belief it was either Defendant(s) Syner, Campbell, Crane, Burns, or Smiths Job to Provide Plaintiff with a copy of said order.

168. In addition to the defendants named in Paragraph(s) 163 Defendants were also members of The Residential Mental Health unit who Recommended to Defendant McArdLe that the cell shield order Not be Recommended to be Rescinded.

169. Defendants John Does # 8 through 13 are all members of Marcy (RMHU) treatment team that Recommended that the cell shield order Not be Rescinded

170. On June 18, 2012 Defendant McArdLe had the cell shield order Rescinded.

171. Defendants Kelly Jr. and Kalies not only knew but created the policy and custom under which my constitutional rights were violated.

172. It was extremely hot in the cell and it intensified my headaches & mental condition.

173. The Defendants Individually and collectively violated Plaintiffs 1st, 8th & 14 amendment Rights

## X. 7th cause of Action

174. On or about February 1, 2012 the Plaintiff was issued a Misbehavior Report (hereinafter M.B.R.) by C.O. Vasquez for Loss/Damage state Property.

175. The Plaintiffs Mental Health therapist K. Roessell had called to have petitioner Placed on Razor Restriction Due to his decompensating and concerns for his safety.

176. The Hearing was held on 2/16/12 and/or completed on said date be Defendant Lt. K. Schmitt.

177. During the Proceedings the Plaintiff Requested that He be allowed to call

-28-

His Mental Health Therapist as a witness.

178. Defendant Scmitt stated "NO, it's only A tier II mental health testimony. Isn't Allowed. It's only allowed in tier III Proceedings."

179. I was subsequently found guilty and given 30 Days Keeplock, Loss of Packages & Phones.

180. I appealed the Decision but it was affirmed by Captain Defendant Melville.

181. My Due Process Rights were violated by the defendants Schmitt & Melville.

182. In addition to my due Process Rights being violated my 8th amendment Rights were violated whereas the Defendants actions Led to an exacerbation of my mental illness which cause of was the Proximate cause of my suicide attempt by Prescription Pain medication overdose.

183. The allowing of confidential mental Health testimony in tier III Proceedings and Not in tier II' Proceedings is unconstitutional.

184. The Rule and/or Policy is a violation of the "Equal Protection Clause" of the fourteenth amendment.

-29-

185. Similiarly, situated inmates "Mentally ILL" should be subject to the same Rights and NOT be dischiminated against.

186. Just because one Phisoner may be facing harsher disciplinary penalties don't make it acceptable. That's akin to saying that one charged with Murder has more Protection under the Law than the one charged with a Drug sale.

187. The Defendants Office of the Mental Health, Fischer, Bosco, Perlman, LeClaire Boll, Bellnier, Lindquist, McKoy, Lee, Annuci Melville and Bellamy either "created" the policy or custom or Learned of such through the Phison Glievance system, appeals of disciplinary decisions, Letters from the Plaintiff & other Phisoners.

188. None of the named Defendants attempted to Remedy the whons. On the contrary they "allowed said Policy to continue" unabated.

189. The Defendants also violated Title II of the Americans with Disabilities act and section 504 of the Rehabilitation act.

### 8th cause of Action

190. I am a Devout Muslim.

191. Islam is a complete way of Life.

192. The Arabic word Islam means to surrender to the will of Allah

193. A muslim is one who submits to the will of Allah.

194. Islam encompasses all of its adherents Actions from Conduct to Prayer, Marriage to diet.

195. I belief in the Quran and bear witness that it is the final book of guidance from Allah, sent down to Prophet Muhammad (peace be upon him) through the Angel Gabriel.

196. Im told that in the Quran there is guidance to those who fear allah (Holy Quran [Hereinafter HQ] 2:2

197. In addition, food that a muslim is permitted to eat is also regulated.

198. Allah says: Forbidden to you (for food) are: dead meat, blood, the flesh of swine, and that on which has been invoked the name of other than Allah: that which has been killed by strangling, or by a violent blow, or by a headlong fall, or by being gored to death; that which has been (partly) eaten

-31-

by a wild animal...(HQ-5:3)

199. Islamic Law Requires an animal to be slaughtered invoking the name of Allah.

200. The Defendants, Despite Plaintiff and other Muslims Request have consistently Refused to Provide Muslim inmates with "Halal" meal. Defendants Fischer, Boll, Perlman, Annuci, Bellamy, McKoy, Lindquist, Bellnier and LeClaire the Policy or custom under which my constitutional Rights were violated and/or allowed such a Policy or custom to continue.

201. The Defendants Policy in so far as it Pertains to the Providing of Muslim inmates "Halal" meat and/or meals is discriminatory And irrational.

202. All Jewish Prisoners are given Kosher meals to comply with their Dietary Laws.

203. In fact, Defendants have even supplied Jewish Prisoners their own messhall (at Greenhaven Correctional Facility).

204. The Plaintiff posits it also has roots in Prejudice and/or Racism for over 90% of Muslim Prisoners confined by Defendants are Poor African-Americans while by contrast Jewish Prisoners aren't.

205. The Defendants unconstitutional Practice violates my 1st Amendment Right as well as the equal Protection clause of the 14th Amendment.

206. The Defendants also violated The Religious Land use and Institutionalized Persons act. (RLUIPA)

207. All of the named Defendants was made aware of the violations but failed to Remedy them.

### XII. 9th cause of Action

208. Due to Plaintiffs Mental Health state he has been on Loss of Razors. (Razor Restriction)

209. As Part of Plaintiffs sincerely held Religious belief he's to shave his Pubic hairs every 30-40 Days. In his case every 30 days because his hair grows quicker.

210. The Plaintiff has Repeatedly asked for compromise by Defendants, in the form of Allowing Plaintiff an opportunity to exercise this tenet of his Religion, by allowing him to use his Personal thimmers every 30 days, OR ~~allowing~~ Allow me to use thimmers that they purchase.

211. Thimmers are purchased and allowed to be used instead of Razols at Great Meadow Correctional facility Behavioral Health Unit (B.H.U.) A Mental Health Unit Like Malcy (RMHU.)

212. Defendant Office of Mental Health, Maureen Bosco, Defendants John Doe #3 L. Kalies, B. Hilton, Whittaker, McMann, Lewis, Rowlands, Fowler, Ashe Polter Delarosa, and Kindelman as well as unknown Treatment team members Individually and collectively Instituted or created a policy or custom under which my constitutional Rights were violated and/or allowed such a policy or custom to continue.

213. Defendants actions violated Plaintiffs 1st Amendment Right, as well as the 14th Amendment In addition to violating A.D.A. Title II and section 504 of the Rehabilitation act.

214. The Plaintiff suffers from a serious medical and mental illness which he's had treatment for in and out of prison.

215. Since the Plaintiff was incarcerated he entrusted Defendants to provide the necessary means to practice his religion, treat his medical and mental illness.

216. Plaintiffs mental illness substantially impairs a number of basic and major life activities and is therefore a qualifying disability under the Americans with disability act ("ADA")

217. Mr. Bilal is qualified to receive the services and benefits of the Institutional Defendants' relevant programs and processes including those for the provision of medications, treatments, rights to practice religion and Institutional services to name a few.

218. Mr. Bilal, however, was excluded from receiving the benefit of those programs and services solely by reason of his disability

219. The Defendants failed to take steps necessary to ensure that Mr. Bilal could receive reasonable accomodations to practice his religion to which he was unquestionably entitled and which would have been readily available to him. To the contrary, the Defendants enacted and implemented policies and practices that prevented Mr. Bilal from practicing his religion and discriminated against him solely on the basis of his disability. Altering their policies and practices to ensure the provision of religious practices to inmates would not impose any undue hardship on the operation of their business, and would be a reasonable, indeed indispensable accomodation.

## XIII. 10th cause of Action

220. On or about May 25, 2012 I submitted a grievance complaining about the actions of Defendant F.N.U. Cachotti for an incident that offender Bilal & him was involved in on May 23, 2012.

221. On or about May 31, 2012 I submitted a complaint and subsequently filed a grievance on 6/12/12 about the actions of Defendant D.J. Smith.

222. Defendant Correctional Cachotti Belated, threatened, Harrassed Plaintiff who in the words of Defendant Cachotti "a fucking Retard".

223. Defendant Cachotti said inter alia that All I do is file grievances and start trouble. He then followed me into my class (which was his Job) with his tirade and Lack of Professionalism.

224. I wrote Defendants McaldLa, Kelly JR. Oneida County District Attorneys office, County of Oneida (Clerk's office), The Inspector General (John Doe #4) to have charges filed against Defendants Cachotti and D.J. Lewis to No Avail.

225. I dont have a Right to tell the Honorable District Attorney whom to Prosecute, However, I have a Right to bring criminal charges and the Defendants shouldnt implinge on that Right.

226. Defendants allow other inmates to Pursue charges against other inmates for Assault, Rape etc And Allow C.O's to Pursue criminal charges against inmates.

227. Defendant Fischer, Boll, and McKoy knew of said Practice but allowed it to continue.

228. Plaintiff contends that said Policy is unconstitutional and or implied unconstitutionally.

229. The Defendants Individually and collectively violated Mr. Bilals 1st and 14th Amendment Rights.

230. Additionally, Defendant Cachotti violated Title II of the Americans with Disability Act for His treatment of him as a Result of his Disability. Defendant D.J. Smith as well.

231. The Plaintiff Posits that He has a Right to file a felony and/or misdemeanor complaint according to the Law and the custom, Policy and system exclusion of inmates violates ADA Title II. 1st & 14 Amendment Rights because had I not been confined in a Mental Health Program Due to a Disability (Mental) I'd not been discriminated against.

232. All supervisory and Institutional Defendants either created the policy or otherwise allowed it and/or them to continue.

## XIV. 11th cause of Action

233.
On or About September 2007 the Plaintiff was transferred to the custody of the New York State Department of Correctional Services (Hereinafter DOCCS) from the Westchester County Jail.

234. Plaintiff Has consistently complained of severe Migraine Headaches and debilitating Back Pain.

235. While at Sing-Sing, Greenhaven Auburn and Marcy from 2007-2010, 2011, 2012 Respectively I've complained incessantly about my lower Back Pain which Radiates behind my Legs.

236. It has gotten Progressively worse and now Numbs my Feet.

237. Unfortunately, All my complaints have fallen on death ears.

238. I've never had therapy, saw a Pain Management specialist or specialist for Back & spine Injuries I was never even given physical therapy.

239. Upon information and belief the plaintiff is suffering from degenerative disk disorder and compression deformity as well as arthritis.

240. The plaintiff has had to endure intense pain. Pain which became so intense that he'd have to sit or lay down. He can't tolerate walking for long-periods or standing for long-periods of time.

240. Defendants FNU Genovese, F. Bernstein, R. Bentivegna, John Doe #6 - 7, Jane Does #4 → 10 are all doctors and/or P.A's at Greenhaven Correctional facility.

242. Defendants FNU Genovese, Douglas are doctors from Sing-Sing.

243. Defendants Jane Doe(s) # 18 — 20 are doctors from Auburn correctional facility.

244. Defendant(s) John Doe #7 is the Malcr R.M.H.U. doctor

245. Defendant Koenigsman upon information and belief is responsible for approving medical consultation requests.

246. Defendant Jane Does # 21 → 25 were Responsible for approving consultation Request submitted between 9/2007 through June 2012.

247. The Defendants were deliberately indifferent to my serious medical needs.

248. The Defendants Individually and collectively violated my 8th & 14 Amendment Right As well as Title II of the American with Disabilities act and section 504 of the Rehabilitative act.

249. The Defendants were aware of the violations but in callous and concrete indifference to my serious medical needs allowed them to continue.

### XV. 12th Cause of Action

250. Here at RMHU they have something called the Jompler Also known as the "suit". It's given to one to wear who has been "accused" of "Lewd conduct."

251. It's a Jumpsuit with a Padlock on the neck.

252. It's intended for shame and disciplinary purposes according to Defendants Hilton, Kelly, McArdle and Kalies.

253. However one is "forced" to be paraded around the prison in absence of a disciplinary sanction, before a healing and most troubling without any appeal or notice issued.

254. There is no Directive and/or Policy that can be made to circumvent due process which we still have. Although Lewd conduct is a charge there's nothing that gives DMH & DOCCS Defendants the Authority to impose such a sanction.

255. Defendants fischer, D.M.H. Bosco, John Doe #3, Kelly Jr, Boll, Bellamy, Hilton, McArdle and Kalies have created an unconstitutional policy or custom and/or the policy or custom that they have created is being unconstitutionally applied.

256. Plaintiff avers that said "Jumpsuit" is unconstitutional. He further alleges it violates the 8th & 14th Amendment Rights as well as the ADA & section 504 of the Rehabilitation act.

257. The Jumpsuits have "Racial undertones." What's the Rationale for Defendants Placing a Lock on ones neck.

### XVI. 13th Cause of Action

258. On or about May 31, 2012 at approximately 7:00 am Plaintiff asked to speak to Mental Health staff.

259. Nurse Bello said he'd inform someone. Shortly there After Defendant Campbell came to my cell.

260. Defendant F.N.U. Wilcox came to my cell to give me medication which I refused to take. I told her that I was going to take them with cleaning fluid.

261. About two hours later DMH staff Knackley came to my cell. I informed him that every year around that time I get extremely stressed and overdose.

262. I was in the midst of explaining what was happening when he became condescanding. I told him that he really couldn't help me I begged him to get me a Pyschologist or Psychiatrist. The only Defendant Knackley did was write me a negative informational

263. Despite my keeping pills and agitation He said I abused OMH services.

264. Shortly thereafter, on June 5, 2011 I still didn't see anyone and took an overdose of pills.

265. The Defendants L. McSwain, Sypolt, Wilcox, Marmalito, Doughty, J. Blackwell was Deliberately indifferent to my serious Medical Needs (Mental Health) and despite Mental History & pleas allowed plaintiff to amass over 100 pain pills.

266. Even after another prisoner DUNN overdosed they still never did mouth checks.

267. The Defendants violated Title II of the ADA, Section 504 of the Rehabilitation act my 8th & 14th Amendment Rights.

## XVII. 14th cause of Action

268. Defendants Fischer, Boscoe and McKoy are Housing inmates in Marcy RMHU with an aggregate confinement sanction of 30 days or less.

269. OMH testimony isn't allowed in Tier II Disciplinary which is Discriminatory because

It's allowed in tier III hearings.
The Defendants are making rules without following guidelines

270. Inmates assigned to RMHU here at Marcy aren't allowed to challenge (present a Defense) informational reports.

271. Negative Reports affect your graduation from the Program, Privaleges and money (pay) is taken. So one should have a say to defend himself.

272. Defendants John Doe #3 and those previously named in this cause of action are violating my Due Process Rights. Also, ADA Title II and Section 504 of the Rehabilitation act.

## Prayer for Relief

Wherefore Shateek Amin Bilal Respectfully Requests the following Relief:

A: Awarding to Plaintiff compensatory damages on all causes of action, for his physical injuries, pain and suffering, and other harms, in an amount to be determined at trial for violation of Plaintiff constitutional and statutory Rights;

B. Awarding to Plaintiff Punitive Damages on all causes of Action in an amount to be determined at trial for violation of Plaintiff's constitutional and statutory Rights;

C. Awarding to Plaintiff his attorneys fees, costs and disbursements; and

D. Awarding to Plaintiff such further Relief as this Court may deem Just and Proper.

Dated: Marcy, New York
        June 22, 2012

I Declare under the Penalty of Perjury that the foregoing is true and Correct.

Shateek Bilal
Plaintiff-Pro-se
Marcy Corr. facility
Box 3600
Marcy, N.Y. 13403

I declare under the Penalty of Perjury that the foregoing is true and correct.

Executed on June 22, 2012

-46-